# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-3007**                                  **September Term, 2021**

**1:21-cr-00025-RDM-1**

**Filed On:** April 21, 2022

United States of America,

        Appellee

    v.

Jorden Robert Mink,

        Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Millett, Pillard, and Katsas, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia, on the memoranda of law and fact filed by the parties, and on the unopposed motion to supplement the appendix. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED** that the motion for leave to file the supplemental appendix be granted. See D.C. Circuit Rule 30(e). The Clerk is directed to file the lodged supplemental appendix. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's December 13, 2021, order be affirmed. Appellant has not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021).

As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Munchel, 991 F.3d at 1284. During the January 6, 2021 incident, as shown in video recordings and other evidence submitted by the government, appellant shattered two large windows with a baseball bat, enabling himself and others to bypass law enforcement and to enter the Capitol. In addition, appellant is shown working his way

to the front of a group of individuals and hurling objects—which appear to have included a traffic cone, a large rectangular-shaped object, and a pole—at the officers from close range.  The recordings also show appellant pushing up to the front line to repeatedly strike at the officers with what appears to be a flagpole.

The district court did not clearly err in weighing appellant's conduct, the weight of the evidence against him, the nature of the charges, and the evidence of his aggressive and threatening behavior towards government officials.  Nor did the district court clearly err in finding, based on all of the evidence, that appellant would pose a danger to the community if released.  See 18 U.S.C. § 3142(g).

The district court found that "no conditions of pretrial release will reasonably ensure the safety of the community," based on appellant's "history and repeated violent assaults on law enforcement officers who were merely attempting to protect the U.S. Capitol and its occupants from attack."  Order at 5.  Given that finding, the district court was not required to make further specific findings on the record with respect to the likely effectiveness of other potential release conditions.  See United States v. Quaglin, 851 F. App'x 218, 219 (D.C. Cir. 2021) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
        Daniel J. Reidy
        Deputy Clerk